**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| United States of America, | Case No. 2:25-cv-13496-RMG |
| Plaintiff, | |
| v. | |
| Joseph Clark, | **ORDER AND OPINION** |
| Defendant. | |

Before the Court is Plaintiff's Motion for Entry of Default Judgment (Dkt. No. 8). For the reasons set forth below, Plaintiff's motion is **GRANTED**.

## I.    Background

Plaintiff United States of America filed this breach of contract action on November 21, 2025.  Plaintiff seeks to recover damages for Defendant's material breach of an agreement and guarantee contract on a Small Business Administration ("SBA") loan.

Plaintiff served Defendant Clark on November 26, 2025. (Dkt. No. 5). Accordingly, Defendant Clark was required to file an answer by December 17, 2025. Defendant Clark has not appeared, answered, or otherwise participated in this action. On March 20, 2026, the Clerk entered default against Defendant Clark. (Dkt. No. 7).

Plaintiff now moves for default judgment against Defendant Clark for the balance of indebtedness and costs. (Dkt. No. 8).

1

## II.    Legal Standard

Under Rule 55(a) of the Federal Rules of Civil Procedure, a party must seek an entry of default from the clerk before moving for default judgment under Rule 55(b). By entry of default, the defendant is deemed to have "admitted the plaintiff's well-pleaded allegations of fact." *Ryan v. Homecomings Fin. Network*, 253 F.3d 779, 780 (4th Cir. 2001) (internal quotation marks omitted). Then, on a motion for default judgment, the "appropriate inquiry is whether or not the face of the pleadings supports the default judgment and the causes of action therein." *Anderson v. Fdn. For Advancement, Educ. & Empl't of Am. Indians*, 187 F.3d 628, 1999 WL 598860, at *1 (4th Cir. 1999) (unpublished opinion). "There must be a sufficient basis in the pleadings for the judgment entered." *DIRECTV, Inc. v. Pernites*, 200 Fed. Appx. 257, 258 (4th Cir. 2006). The Court may test this sufficiency by the Rule 12(b)(6) standard. *See Commodity Futures Trading Comm'n v. Dupont*, No. 8:16-cv-02358-TMC, 2018 WL 3148532, at *5 (D.S.C. June 22, 2018).

When the Court "determines that liability is established and default judgment is warranted, then it must make an independent determination of the appropriate amount of damages." *United States v. John Hudson Farms, Inc.*, 2018 WL 4119950, at *5 (E.D.N.C. Aug. 29, 2018). "Accordingly, Plaintiff must prove [his] entitlement to the amount of monetary damages requested." *GAG Enterprises, Inc. v. Rayford*, 312 F.R.D. 230, 234 (D.D.C. 2015). "In ruling on such a motion, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F.Supp.2d 56, 57 (D.D.C. 2008).

## III.    Discussion

Plaintiff's complaint and accompanying motion contain "well-pleaded allegations of fact" and proper claims such that Defendant Clark admits the allegations in the complaint. Specifically,

Defendant Clark is liable as the signatory and guarantor of the SBA loan held by Plaintiff. (Dkt. No. 1-1 at 3).

The Court finds that Plaintiff is entitled to default judgment pursuant to Rule 55(b). Because default was properly entered against Defendant Clark, the Court must accept all well-pleaded factual allegations in the complaint as true. *See Ryan*, 253 F.3d at 780.

Regarding damages, Plaintiff has submitted a declaration, (Dkt. No. 8-1 at 1–2), and a certificate of indebtedness detailing the amount owed, (Dkt. No. 1-5 at 2–3). As of May 21, 2025, the indebtedness totaled $13,742.38. This includes the pre-collection principal balance of $7,212.49, plus interest through May 21, 2025, in the amount of $2,886.08, and administrative fees through May 21, 2025, in the amount of $3,643.81.

The Court finds that the total amount due is a sum certain calculable based on the filings. The total amount due from Defendant Clark is $13,892.38, calculated as follows:

–Principal: $7,212.49

– Accrued interest through May 21, 2025: $2,886.08

– Administrative fees through May 21, 2025: $3,643.81

– Costs: $150.00

IV.    **Conclusion**

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for default judgment against Defendant Clark. (Dkt. No. 8). Judgment is entered against Defendant Clark in the amount of $13,892.38.

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

June 2, 2026
Charleston, South Carolina